IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILLIE JOE WALLS, #94410**                                                                                  **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 2:08-cv-80-KS-MTP**

**STATE OF MISSISSIPPI**                                                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Walls is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  The named defendant is the State of Mississippi.  Upon liberal review of the Complaint and Response [8], the Court has reached the following conclusions.

Background

Plaintiff pled guilty to possession of a controlled substance on December 14, 2004 (cause number B2401-2003-00345) and on April 9, 2007 (cause number B2401-2006-00322), in the Circuit Court of Harrison County, Mississippi.  As a result, Plaintiff was sentenced to eight years imprisonment and two years imprisonment, to run consecutive.

Plaintiff complains that the sentence imposed for his April 9, 2007 conviction was illegally enhanced because convictions from the State of Wisconsin were used to prove that he is a habitual offender.  Plaintiff claims that he has never been to Wisconsin and has not been convicted of any crime by the State of Wisconsin.  However, according to the state court documents attached to Plaintiff's complaint, it is clear that these Wisconsin convictions were not

used when the Plaintiff was sentenced.[1]  It appears the State admitted these convictions did not involve the Plaintiff and moved to dismiss that portion of the indictment.  In addition, Plaintiff agrees with the State and admits that he had two prior felony convictions in the State of Mississippi at the time his 2007 habitual offender sentence was imposed.  Nevertheless, Plaintiff contends that his sentence was illegally enhanced based on the Wisconsin convictions.  As relief in this action, Plaintiff is requesting that this Court "set aside" his illegal sentence and award him monetary damages in the amount of $250,000.00.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2), provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on

---

[1] The Circuit Court order entered on March 12, 2008, denying Plaintiff's motion for post-conviction relief in cause number  B2401-2006-00322, clearly explains this to the Plaintiff.

2

file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

As a primary matter, this Court notes that Plaintiff's request to "set aside his sentence" is not available under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(habeas petition is proper vehicle to seek release from custody). A prisoner's claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief, not a § 1983 conditions of confinement case. *Id. (citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)). Therefore, Plaintiff's request to "set aside his sentence" is not properly before this Court and will be dismissed. [2]

Turning to Plaintiff's request for monetary damages the Court finds that Plaintiff's claims are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

---

[2] The Court is not reaching any determination regarding the viability of Plaintiff's habeas claims, nonetheless the Court will direct the Clerk to mail the Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his current criminal sentence of imprisonment violates his constitutional rights, it would necessarily imply the invalidity of his current sentence and imprisonment. In addition, Plaintiff has failed to demonstrate that his conviction or sentence have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id* at 2372.[3] Therefore, the Court has determined that Plaintiff's claims are barred by *Heck*, at this time. As such, this Complaint will be dismissed.

## Conclusion

As discussed above, Plaintiff's claims are barred by *Heck v. Humphrey*. As such, this action will be dismissed, with prejudice,[4] pursuant to 28 U.S.C. § 1915(e)(2)(ii). To the extent the Plaintiff is asserting any habeas corpus claims, they are dismissed without prejudice.

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison

---

[3] The Court's order [7] entered April 29, 2008, specifically directed the Plaintiff to state if the complained of conviction and/or sentence had been invalidated by any of these means.

[4] Claims barred by *Heck* are properly dismissed with prejudice "until the Heck conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Litigation Reform Act, it will be counted as a "strike."[5]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the 15th day of May, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."